IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

KENDER O. ZAVALAK-ORELLANA,                    §
                                               §
         *Petitioner*,                         §
                                               §
V.                                             §
                                               §
GABRIEL MARTINEZ, in his official capacity     §
as Field Office Director of Enforcement and    §
Removal Operations, New Orleans Field Office,  §    CIVIL ACTION NO. 9:26-CV-00399
Immigration and Customs Enforcement;           §    JUDGE MICHAEL J. TRUNCALE
MARKWAYNE MULLIN, in his official              §
capacity as Secretary, U.S. Department of      §
Homeland Security; U.S. Department of          §
Homeland Security; US Attorney General, in     §
their official capacity as U.S. Attorney General; §
Executive Office for Immigration Review; and   §
ALEXANDER SANCHEZ, Warden, River               §
Correctional Center,                           §
                                               §
         *Respondent*.                         §

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Kender O. Zavalak-Orellana (Zavalak-Orellana)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Zavalak-Orellana is a Honduran national who entered the United States illegally on July 29, 2019. *See* [Dkt 1 at ¶ 1]. In May 2026, Zavalak-Orellana was detained by Galveston Police who coordinated with United States Immigration and Customs Enforcement (ICE) to detain him. *See* [Dkt. 1 at ¶ 19].

On June 3, 2026, Zavalak-Orellana brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A.  Due Process

Zavalak-Orellana argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Zavalak-Orellana were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Zavalak-Orellana's due process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Zavalak-Orellana's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Zavalak-Orellana's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the cause of detention."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id*.

Here, a properly conducted bond hearing would not invariably result in Zavalak-Orellana's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id*. §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Zavalak-Orellana's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Zavalak-Orellana's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Zavalak-Orellana to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Zavalak-Orellana's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 22nd day of June, 2026.**

_____

Michael J. Truncale
United States District Judge